**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SUMMER SEARS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1013** |
| **LHC GROUP, INC. ET. AL** | **SECTION: "A" (4)** |

**ORDER**

Before the Court is a **Defendant's Motion to Compel Discovery Responses and For Sanctions (R. Doc. 24)** filed by L.H.C. Group, Inc. The motion was set for submission on July 22, 2026. The motion is unopposed.

## I. Factual Summary and Procedural Background

### A. Factual Summary

This lawsuit arises out a discrimination claim filed by Summer Sears, ("Sears") an African American Female, who worked as a respiratory therapist at L.H.C. Group Inc. d/b/a North Shore Extended Care Hospital. ("LHC") Rec. doc. 1, 16. Sears alleges that while working for the defendant she was subjected to racial harassment, discrimination and retaliation. *Id.* She claims that on June 25, 2023, while reporting for work she was "verbally attacked" by a white male co-worker Lawrence Fontenot. *Id.* Sears claims that she attempted to deescalate the situation and requested help from on-site security, who refused to intervene. She thereafter called 911 due to the alleged hostility. *Id.*

She contends that Fontenot had harassed her and left her an abusive voicemail to her supervisor. *Id.* Sears alleged that after reporting the June 25th incident, the facilities director Erica Plaisance told her to go home, she was thereafter offered a 20% raise which she refused. *Id.* Sears contends that when she declined the raise, she was reassigned to the South Shore facility and faced further harassment and discriminatory treatment. *Id.* She complains that Fontenot was not

disciplined ,according to her manager because "he is white". *Id.* Sears contends that even though she was the victim, she was eventually terminated without cause or a meeting. *Id.* The termination was communicated via email. *Id.* As a result of the events in her workplace, Sears filed the subject action. *Id.*

**B. <u>The Subject Motion</u>**

The Defendant contends that Sears has repeatedly failed to meet her discovery obligations despite Defendant's diligence and multiple opportunities afforded to her. R. doc. 24. Defendant contends that it served its First Set of Interrogatories and First Set of Requests for Production on February 24, 2026. *Id.* Defendant contends that on March 30, 2026, Sears requested, and Defendant immediately granted, a ten-day extension. Sears, nevertheless, failed to serve any responses by the extended deadline. *Id.*

The defendant alleges that it followed up on April 14, 2026, and Sears requested an extension through May 8, 2026, to respond. *Id.* Defendant contends that Sears did not provide responses, and it followed up again on May 19, 2026, June 1, 2026, and June 2, 2026, each time seeking the overdue responses, and beginning May 19, 2026 requesting a Rule 37 conference to address Sears's noncompliance *Id.*

The Defendant also contends that Sears ignored every communication and remains wholly unresponsive. *Id.* To date, and more than three months after service of the discovery requests and long past the extended deadlines Sears herself requested, she has not produced a single response. *Id.* The defendant further contends that Sears's continued refusal to participate in discovery, despite Defendant's repeated good-faith efforts to confer, left Defendant with no recourse other than seeking the Court's intervention under Rule 37. *Id.*

## II. Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." See Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* It is well established that "control of discovery is committed to the sound discretion of the trial court. . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); Coleman v. Am. Red Cross, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 26(a)(2) requires the disclosure of the expert's identity and the preparation of a written report—prepared and signed by the expert—containing "a complete statement of all opinions the witness will express and the basis and reasons for them." *Id.* at 26(a)(2)(B)(i). District courts have the discretion to exclude expert reports or expert testimony when a party does not comply with the disclosure requirements of Rule 26(a)(2) in preparing an expert report and introducing expert testimony. See *Harmon v. Georgia Gulf Lake Charles, L.L.C.*, 476 F. App'x 31, 36-37 (5th Cir. 2012) (holding that district court did not abuse its discretion in determining that exclusion of

expert's testimony was appropriate sanction for plaintiffs' failure to comply with rule governing expert reports).

Discovery of documents, electronically stored information, and the like is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things" in the responding party's "possession, custody, or control." *Id*.

## III. Analysis

### A. The Motion

The Defendant contends that Sears has had more than ample opportunity to meet her basic discovery obligations, yet she has produced nothing. Defendant served its First Set of Interrogatories and Requests for Production on February 24, 2026. R. doc.24-1. The defendant contends that Sears then requested—and received—a ten-day extension on March 30, 2026, but still failed to serve any responses by the extended deadline. What followed was a month-long pattern of silence. *Id.*

Defendant contends that it attempted to resolve the issue without court intervention through repeated follow-ups on April 14, May 19, June 1, and June 2, 2026, and even requested a Rule 37 conference. Rec. doc. 24-1. The Defendant suggested that Sears ignored every communication. *Id.*

The defendant further contends that Sears did not file any opposition to Defendant's Motion. Rec. doc. 26. According to the defendant, that failure is consistent with the same pattern of non-responsiveness that necessitated the Motion in the first place. *Id.*

The Court notes that Sears has not filed an opposition to the subject motion. Given that Sears has failed to respond to the discovery by the deadline set in Rules 33 and 34, nor participate in a Rule 37.1 conference, the motion remains unopposed.

Sears's had until Wednesday, July 22, 2026, to file a response to the subject motion, and none has been filed. *See Local Rule* 7.2. Therefore, the Court finds that the Motion to Compel is Granted. Sears has 14 days from the signing of this order to respond to the discovery. Further, because of Sears' failure to timely respond to the written discovery, all objections except as to attorney client privilege and the work product doctrine are **WAIVED**.

**B. Sanctions Request**

The Defendant further seeks an award of fees for Sears' non-compliance. R. doc. 24-1. According to the Defendant, Sears' noncompliance continues because she ignores every attempt to resolve the issue informally. *Id.*

Rule 37(d) "provides for sanctions for discovery abuses in cases where no prior discovery order has issued." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1031 (5th Cir. 1990). "Awardable sanctions under [Rule 37(d)] are entirely flexible depending on the circumstances of each case." *Shumock v. Columbia/HCA Healthcare Corp*., 1999 WL 1021829, at *1 n. 4 (E.D. La. Nov. 10, 1999) (citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639(1976)). Finally, the actions triggering Rule 37(d) do not need to be willful and may be negligent; however, the level of culpability might inform the appropriate sanction. *Coane,* 898 F.2d at 1032 (quoting Fed. R. Civ. P. 37, Advisory Committee Notes to 1970 Amendment) ("[I]n view of the possibility of light sanctions, even a negligent failure should come within Rule 37(d).").

The Court finds that because of Sears repeated failures to respond and comply that sanctions in the form of attorney fees is appropriate. The Court, therefore, awards sanctions in the form of attorneys' fees to the Defendant LHC Group, LLC.

Accordingly,

## IV. <u>Conclusion</u>

**IT IS ORDERED** that the **Defendant's Motion to Compel Discovery Responses and for Sanctions** filed by LHC Group, Inc. **(R. Doc. 24)** is **GRANTED as UNOPPOSED** for the reasons assigned above.

**IT IS FURTHER ORDERED** that because of Sears' failure to timely respond to the defendant's discovery, all objections except as to attorney client privilege and the work product doctrine are **WAIVED**.

**IT IS FURTHER ORDERED** that **an Award of Sanctions** is appropriate and therefore **ORDERED**. Defendant LHC Group, Inc. shall file a motion to fix attorney fees and expenses into the record by August 24, 2026, along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the application fee shall be filed no later than September 1, 2026. The motion shall be set for submission on September 9, 2026, to be heard without oral argument.

**IT IS FURTHER ORDERED** that Plaintiff, Summer Sears has **fourteen (14)** days from the signing of this order to respond to the written discovery.

New Orleans, Louisiana, this 4th day of August 2026

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**