**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SUMMER SEARS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1013** |
| **LHC GROUP, INC. d/b/a NORTH SHORE EXTENDED CARE HOSPITAL** | **SECTION: "A" (4)** |

# ORDER AND REASONS

Before the Court is Defendant's **Motion for Attorneys' Fees (R. Doc. 44)** pursuant to its prior Order (R. Doc. 30). The Defendant was ordered to file the subject motion to set reasonable attorneys' fees and costs and has complied with the Court's instructions. The motion is opposed. R. doc. 38.

## I. Background

### A. Factual Summary

This lawsuit arises out a discrimination claim filed by Summer Sears, ("Sears") an African American Female, who worked as a respiratory therapist at L.H.C. Group Inc. d/b/a North Shore Extended Care Hospital. ("LHC") Rec. doc. 1, 16. Sears alleges that while working for the defendant she was subjected to racial harassment, discrimination and retaliation. *Id*. She claims that on June 25, 2023, while reporting for work she was "verbally attacked" by a white male co-worker Lawrence Fontenot. *Id.* Sears claims that she attempted to deescalate the situation and requested help from on-site security, who refused to intervene. She thereafter called 911 due to the alleged hostility. *Id*.

### B. Motion

The Court granted LHC Group's Motion to Compel Discovery Responses and for Sanctions ( R. doc. 30) and further awarded sanctions in the form of attorney's fees and expenses.

LHC's was further instructed to file the appropriate motion to fix attorney's fees by August 24, 2026. Rather than filing the motion by the 24th it was filed on the 28th. *Id.*

Sears contends that the defendant used her current Gmail account for discovery related communications but critical May and June Rule 37 communications were instead sent to an older Yahoo account that she did not see at the time. R. doc. 38. She claims that when she resumed using her Gmail account and reviewed the responses, she promptly responded. *Id.* She further requests that the court defer resolving the fee issue until her request challenging the discovery order is considered by the district judge. *Id.* She also challenges the accuracy of the billing records due to the identification of her as plaintiff's counsel which she is proceeding *pro se*. *Id.* She also contends that the bill contains entries for general litigation work which should not be automatically shifted to her. Sears does not, however, challenge the reasonableness of the rates charged. *Id.*

LHC responded to Sears' opposition pointing out that it raised arguments that were waived when she failed to oppose the motion, that it only seeks fees related to discovery and not general litigation and that their rates are reasonable and supported. LHC therefore contends that Sears does not identify a billable rate, number of hours nor any identifiable tasks that are problematic. Therefore, LHC contends that its fee application presents a reasonable request for attorney's fees which should be granted.

## II. Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar is presumed to yield a reasonable fee. *Combs v. City of Huntington*, 829 F.3d 388, 394 (5th Cir. 2016). After determining the lodestar, the Court

must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1]. The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990).

## III. Analysis

### A. Reasonable Rate

LHC seeks to recover attorney's fees for its attorneys, Andrew Baer, Kelicia Raya, and paralegal Candice Brownfield as a result of Plaintiff's failure to comply with the Court's discovery order. R. doc. 44. In support of the application, LHC submitted affidavits for each attorney, documentation and evidence of comparable local rates.

Generally, federal law requires that reasonable hourly rates be calculated in relation to prevailing local standards. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed

---

[1]The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Where a rate is not contested, it is prima facie reasonable. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995); *Trahan v. Crown Drilling, Inc.*, No. 09-6830, 2011 WL 3320531, at *4 (E.D. La. July 13, 2011) (Roby, M.J.) (finding that attorney's requested rate was reasonable when the rate was not challenged by the opposing party).

Defendant contends that the hourly rate of $527.00 for Andrew Baer, $366.00 for Kelicia Raya, and $247.00 for Candice Brownfield are reasonable. *See Carter v. Quinteros, Prieto, Wood & Boyer*, *P.A.*, No. 25-2273, 2026 WL 1179397, at *5 (E.D. La. Apr. 30, 2026) (where the Court approved a rate of $375 for a lawyer with twelve years' experience.); R. Doc. 34-4. at 1. Sears does not challenge the reasonableness of the rate for Baer, Raya, and Brownfield. R. Doc. 34. Therefore, the rates are deemed reasonable.

**B. Reasonable Fee**

Defendant seeks a fee of $5,060.80 in connection with the Motion to Compel Discovery Responses and for Sanctions. *Id.* Defendant claims that they spent 12.5 hours in connection with the Motion to Compel. *Id.* Sears opposes the fee and request that the Court defer ruling on the motion pending her appeal.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum*, 465 U.S. at 895. The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed

and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

The Court has reviewed the time records and Baer seeks to recover reasonable fees for 4.2 hours, Raya 6.7 hours, and Brownfield 1.6 hours. R. Doc. 44. Baer's entries dated May 5, 2026 (0.5hrs)[2] to assess deadlines; and June 12, 2026, (0.8 hours)[3] to access options to address upcoming deadlines is not related to Motion to Compel and therefore excluded. Likewise, Raya billed a total of 8.2 hours for general discrimination research and potential avenues for recourse, communication with the client, reviewing pleadings and correspondence and preparing a case assessment. However, Raya seeks 6.7 hours, which none of the entries are related to the discovery motion and therefore excluded.

Further, Brownfield billed on June 17, 2026 (.10hrs, .40hrs)[4] and June 18, 2026 (.20hrs)[5] for work on a motion to withdraw and examine case materials, which are not related to discovery and therefore are excluded.

| Timekeeper | Rate | Hours | Unreasonable Hours | Amount |
|---|---|---|---|---|
| Andrew Baer | $ 527.00 | 4.2 | -1.3 | $ 1,528.30 |
| Kelicia Raya | $ 366.00 | 6.7 | -6.7 | $ 0 |
| C. Brownfield | $ 247.00 | 1.6 | -.70 | $ 222.30 |
| **Total Reasonable Fee** | | | | **$ 1,750.60** |

[2] 05/05/26 (.50hrs) Assess deadlines given plaintiff's ongoing discovery extensions to determine necessary steps to posture for dispositive motion

[3] 06/12/26 (.80hrs) Assess options to address upcoming deadlines based on plaintiff's non-responsiveness.

[4] 06/17/26 (.10hrs) Prepare proposed order regarding to motion to withdraw and substitute; 06/17/26 (.40hrs) Draft motion to withdraw and substitute counsel to effectuate change in party representation.

[5] 06/18/26 (.20hrs) Examine case materials to facilitate evaluation of information relevant to ongoing case development.

## IV. Conclusion

**IT IS ORDERED** that the **Motion for Attorney's Fees (R. Doc. 44)** be **GRANTED**, and that the Plaintiff Summer Sears, pay to LHC Group, Inc., reasonable attorney fees of $1,750.60 no later than **twenty-one (21) days** after the signing of this order.

New Orleans, Louisiana, this 23rd day of October 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**